**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>24-mj-6548-Valle</u>**

**UNITED STATES OF AMERICA**

**v.**

**JACK BLANENT NELSON,**

      **Defendant.**



_____/

**<u>CRIMINAL COVER SHEET</u>**

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

4.  Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

BY:    /s/ *Corey R. O'Neal*
        COREY R. O'NEAL
        ASSISTANT UNITED STATES ATTORNEY
        Court ID No. A5503031
        500 East Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33394
        Tel: (954) 660-5996
        Email: Corey.O'Neal@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

FILED BY_____AR_____D.C.

**Nov 20, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

| United States of America | ) | |
| v. | ) | |
| Jack Blanent Nelson, | ) | Case No.  24-mj-6548-Valle |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____November 11, 2024_____ in the county of _____Broward_____ in the
____Southern____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. § 1326(a) | Illegal Reentry After removal |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

__Emy J. Vega-Flores, Custom and Border Protection__
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by ___FACETIME___

Date: __November 20, 2024__

_____
*Judge's signature*

City and state:          __Fort Lauderdale, Florida__          __Honorable Alicia O. Valle, U.S. Magistrate Judge__
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Emy J Vega-Flores, being duly sworn, depose and state the following:

## INTRODUCTION

1. I am a Border Patrol Agent with the United States Border Patrol (USBP), Customs and Border Protection (CBP) and have been so employed for over seventeen (17) years.  I have been employed as a full-time sworn federal agent with USBP since 2007, having graduated from the USBP Basic Border Patrol Training Academy which included specialized training in Title 8 United States Code, the Immigration and Naturalization Act, Title 21 United States Code, the Controlled Substances Act, and Title 19 United States Code customs law violations. My current responsibilities include the investigation of criminal and administrative violations related to the Immigration and Nationality Act and other federal criminal offenses.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Jack Blanent NELSON committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

## PROBABLE CAUSE

3. On or about November 11, 2024, Miami Sector Border Patrol Agents were notified by Broward County Sheriff's Office (BSO) Deputies of a suspected maritime smuggling event near 2708 North Ocean Blvd and the Hillsboro Inlet in Pompano Beach, Florida.

4. At approximately 7:08 PM, the BSO Marine Unit observed an inbound vessel operating with no lights and approaching the Hillsboro Inlet, in United States waters. The BSO Marine Unit approached the vessel and activated their emergency lights at which point the suspect vessel immediately changed course and attempted to flee. The vessel traveled north a short distance

in the direction of the Hillsboro Inlet Lighthouse where three subjects jumped into the water and swam ashore.

5.      A perimeter was established in the area by BSO and responding Border Patrol units which resulted in the arrest of two of the three (3) fleeing subjects. The two (2) apprehended subjects were determined to be one adult male from Jamaica and one adult male from the Dominican Republic. The third subject that jumped in the water was believed to be the smuggler and remained at large.  NELSON was placed under arrest by Border Patrol Agent (BPA) Alberto Vergara at approximately 7:00 PM after he determined NELSON was illegally present in the United States.

6.      The interdicted vessel was secured by the BSO Marine Unit and remained afloat in the Intra-Coastal Waters (ICW) with an additional 11 subjects remaining on-board. BSO deputies landed one adult female Jamaican subject from the vessel who appeared to be having a medical emergency and transported her to the Broward Medical Center where she was medically cleared and turned over to Border Patrol custody.

7.      Agents on-scene notified the United States Coast Guard (USCG) - Station Fort Lauderdale (FTL) and informed them of the interdicted vessel with the remaining ten (10) migrants on-board. USCG dispatched a vessel and transferred the 10 remaining subjects to the USCG Cutter MANOWAR.  These 10 subjects were later identified as follows: One (1) adult male from Yemen, one (1) adult male from Ecuador, one (1) adult female from Ecuador, two (2) adult males from India, one (1) adult female from India, one (1) adult male from Brazil, one (1) adult male from Haiti, one (1) adult male from Jamaica, and one (1) adult female from Guyana. The two subjects that were arrested on-land, including NELSON, and the female Jamaican subject were transported to the Dania Beach Border Patrol station (PPF) for processing and interviews.

8.      At the station, NELSON's biographical and biometric information (his fingerprints) were entered into U.S. Department of Homeland Security (DHS) systems to include the Integrated

2

Automated Fingerprint Identification System (IAFIS). These systems, along with record checks revealed NELSON had been previously removed from the United States.

12. A review of NELSON's immigration records showed that he is a native and citizen of Jamaica who was ordered removed on June 28, 2022, and deported from the United States to Jamaica on August 25, 2022.

14. A review of DHS systems reflected that NELSON did not apply or received permission to reapply for admission to the United States.

15. Based on the foregoing, I submit that probable cause exists to believe that, on or about November 11, 2024, NELSON, an alien having been previously removed from the United States, was found to be in the United States, without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission to the United States; in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted,

Emy J. Vega-Flores
Border Patrol Agent
Customs and Border Protection

Sworn and attested by FACETIME per
Fed. R. Crim. P. 4(d) and 4.1
on November 20th, 2024, in Fort Lauderdale, Florida

HON. ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

3